1  DANIEL RODRIGUEZ, ESQ., SBN 096625
2  JOEL T. ANDREESEN, ESQ., SBN 152254
   JOSEPH WHITTINGTON, ESQ., SBN 295516
3  **RODRIGUEZ & ASSOCIATES**
   **A PROFESSIONAL LAW CORPORATION**
4  2020 Eye Street
5  Bakersfield, CA  93301
   Tel. No.: (661) 323-1400
6  Fax No.: (661) 323-0132
7
8  Attorneys for Plaintiffs,
   VERONICA LIRA, SARAI
9  LORENZANA, VIVENY
10 ACEVES, AND ABIGAIL
   VILORIO
11

12           **UNITED STATES DISTRICT COURT**
13           **EASTERN DISTRICT OF CALIFORNIA**
14
15 VERONICA LIRA; SARAI          )   **1-17-CV-00924-LJO-JLT**
   LORENZANA; VIVENY ACEVES; and )
16 ABIGAIL VILORIO, as successors in )
17 interest to JOSE VILORIO       )   **FIRST AMENDED COMPLAINT**
                                  )   **AND DEMAND FOR JURY TRIAL**
18              Plaintiffs,        )
19                                 )
           vs.                     )
20                                 )
21 CITY OF BAKERSFIELD;            )
   ZACHARY BURDICK; TIMOTHY        )
22 MCIRVIN; and DOES 1 to 100, Inclusive; )
23                                 )
24              Defendants,        )
                                   )
25 And                             )
26                                 )
   CESAR VILORIO                   )
27                                 )
               Nominal Defendant   )
28 _____)

## COMPLAINT

Plaintiffs VERONICA LIRA; SARAI LORENZANA; VIVENY ACEVES; and ABIGAIL VILORIO, individually, and as successors in interest to JOSE VILORIO, allege in their Complaint against Defendants CITY OF BAKERSFIELD; ZACHARY BURDICK; TIMOTHY MCIRVIN; and DOES 1 to 100, inclusive, herein after referred to as "Defendants," as follows:

## JURISDICTION AND VENUE

1.     This First Amended Complaint is presented by VERONICA LIRA; SARAI LORENZANA; VIVENY ACEVES; and ABIGAIL VILORIO, individually, and as successors in interest to JOSE VILORIO ("Plaintiffs") for compensation, as follows:

2.     This Court has jurisdiction of Plaintiffs' Federal Civil Rights claims under 42 U.S.C. §§ 1983, and 1988 pursuant to 28 U.S.C. §§ 1331, and 1343.

3.     This Court is the proper court because at least one defendant resides in its jurisdictional area, and the injury to person or damage to personal property occurred in its jurisdictional area.

4.     Plaintiffs' First Amended Complaint is an action that exceeds $25,000 and is an Unlimited Civil Case.

## PARTIES AND OTHER RELEVANT ACTORS

5.     Decedent JOSE VILORIO was at all times mentioned herein a citizen and resident of the city of Bakersfield, Kern County, California.

6.     Plaintiffs VERONICA LIRA; SARAI LORENZANA; VIVENY ACEVES; and ABIGAIL VILORIO are the lawful children of JOSE VILORIO ("Decedent").

Plaintiffs assert these claims: (a) in their capacities as successors in interest of Decedent pursuant to California Code of Civil Procedure § 377.20 et seq.; and (b) in their individual capacities for the wrongful death of Decedent pursuant to California Code of Civil Procedure § 377.60 et seq.  See Declaration Pursuant to California Civil Code § 377.32 attached to this First Amended Complaint.

7.   Each Plaintiff named above is a competent adult.

8.   At all relevant times herein, Defendants CITY OF BAKERSFIELD:

    a.   received federal financial assistance within the meaning of 29 U.S.C. § 794(a) and *Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 (9th Cir. 1999)

    b.   constituted "programs or activities" within the meaning of 29 U.S.C. § 794(b) in that said Defendants were instrumentalities of state or local government;

    c.   were public entities within the meaning of 42 U.S.C. § 12131(1); and

    d.   were "business establishments" within the meaning of the Unruh Act, California Civil Code §§ 51, 51.5, 51.5.

9.   At all relevant times herein, Defendant, ZACHARY BURDICK and TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, were deputies, officers, employees, and/or agents, of Defendants CITY OF BAKERSFIELD and the Bakersfield Police Department and were acting within the course and scope of such agency and employment and under color of law.

10.   The names and identities of all of the public employees responsible for Plaintiffs' injuries and damages are unknown to Plaintiffs at this time.  To Plaintiffs' present knowledge, the names and identities of the public employees who are responsible for Plaintiffs' injuries include Defendants ZACHARY BURDICK and TIMOTHY MCIRVIN.

11.    Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue those Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiffs are informed and believe and on that basis allege that each of the fictitiously named Defendants are liable in the manner set forth below for the acts, conduct, and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiffs as alleged herein.

12.    At all relevant times, Defendant CESAR VILORIO, is a lawful heir to Decedent JOSE VILORIO.  He is named solely as a nominal defendant and Plaintiffs assert no Causes of Action against him by this Complaint.

13.    Plaintiffs are informed and believes, and on that basis alleges, that at all times and places mentioned herein, each Defendant was the agent, representative, and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation, and/or employment.

14.    In performing and engaging in the acts alleged herein, each Defendant was acting under color of law, to wit, under the statutes of the State of California and the ordinances, regulations, customs, and practices of Defendant CITY OF BAKERSFIELD.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15.    Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

16.    On or about October 3, 2016, at approximately 12:00 a.m., at or near 1821 Lacey Street in Bakersfield, Kern County, California, Defendants arrived at Decedent's residence.

17.   After arriving, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, members, employees, and/or agents of Defendant CITY OF BAKERSFIELD kicked down the door to Decedent's residence and:

    a.  Assaulted, battered, struck, kicked, punched, kneed, choked and/or negligently touched, applied a carotid restraint control hold, and used excessive, and ultimately deadly, force upon Decedent without adequate cause, reason, or justification;

    b.  Knowingly, willfully, intentionally and/or negligently failed and refused to intervene or make any effort to stop or prevent other such members, employees, and/or agents from assaulting, battering, striking, kicking, punching, kneeing, choking, applying a carotid restraint control hold, and/or negligently touching Decedent;

    c.  Knowingly, willfully, intentionally and/or negligently failed to take reasonable action to summon medical care for Decedent when they knew or should have known that Decedent was in need of immediate medical care;

    d.  Knowingly, willfully, intentionally and/or negligently failed and refused to timely and properly report the wrongful conduct of other such members, employees and/or agents; and

    e.  Knowingly, willfully and intentionally entered into a conspiracy to conceal and "cover up" the wrongful conduct of other such members, employees and/or agents.

18.   As a direct, proximate, and legal result of the actions and omissions of Defendants, and each of them, Decedent suffered personal injuries and ultimately died of those injuries.  Decedent as well as Plaintiffs in their successor in interest and individual capacities, have incurred general and special damages in an amount according to proof at the time of trial.

19.    The negligence and other wrongful conduct on the part of Defendants, and each of them, is not limited to those negligent or intentional acts or omissions on the part of the public employees involved in the assaulting and battering, but also includes the negligent hiring, retaining, appointing, selecting, training, disciplining and/or supervising of Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, and Defendants' deputies, officers, employees and/or agents.

20.    The foregoing acts and omissions on the part of Defendants, and each of them, were the direct, proximate, and legal cause of the damages sustained by Plaintiffs and Decedent.

21.    Plaintiffs VERONICA LIRA; SARAI LORENZANA; VIVENY ACEVES; and ABIGAIL VILORIO, seek damages for the loss of love, society, comfort, support, services, and contributions of Decedent in their individual capacities.

22.    All causes of action are for wrongful death based on different legal theories.

## FIRST CAUSE OF ACTION

**Violation Of Plaintiff's Rights Secured By The Fourth Amendment To The United States Constitution To Be Free From The Use Of Excessive Force Pursuant to 42 U.S.C. § § 1983, 1988**

23.    Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

24.    The use of force by Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, against Decedent was objectively unreasonable and excessive because at all relevant times said Plaintiff was clearly not dangerous, was clearly was not a flight risk, and did not attempt to resist or evade arrest. At no time did Decedent engage (verbally or otherwise) in any conduct that would have justified, or made reasonable and non-excessive, the force used against Decedent.  The use of force against Decedent was unnecessarily and unreasonably excessive and

injurious because, inter alia: (a) the assault, battery, striking, kicking, punching, kneeing, chocking, applying a carotid restraint control hold, and/or negligently touching of Decedent was unreasonable and unnecessary; **AND** (b) even if such touching of Decedent were appropriate, the touching was applied incorrectly causing Decedent excessive and unnecessary pain, and eventually, death.

25.     Defendants CITY OF BAKERSFIELD and non-defendant Bakersfield Police Department maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, and *City of Canton, Ohio v. Harris* (1989) 489 U.S. 378, and, that policy, custom or practice was carried out by Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100 in violating Decedent's rights guaranteed by the Fourth Amendment to be free from excessive and unreasonable force, and is therefore liable for all injuries sustained by Plaintiffs as set forth herein.

26.     By reason of the conduct of the Defendants named in his cause of action, and each of them, as alleged herein, Decedent was deprived, under color of law, of his rights guaranteed by the Fourth Amendment to the United States Constitution to be free from the use of excessive force.

27.     As a direct and proximate result of the acts of the Defendants named in this cause of action, Plaintiffs suffered severe emotional and physical harm, and thus Plaintiffs seek and are entitled to recover, general and special damages, including but not limited to medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

28.     The aforementioned conduct of Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100, inclusive, was done maliciously, oppressively and with an intent to injure Decedent and in conscious disregard for the

rights and safety of Decedent, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

29.     The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

30.     The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

## SECOND CAUSE OF ACTION
### Assault Under California Law

31.     Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

32.     In engaging in and performing the acts, omissions and conduct alleged herein, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100, inclusive, while acting within the course and scope of their employment with CITY OF BAKERSFIELD and non-defendant Bakersfield Police Department, and DOES 51 through 100, inclusive, intended to cause and did cause Decedent to suffer reasonable apprehension of an immediate harmful or offensive physical contact.  All such apprehended physical contact was harmful or offensive because, inter alia, Defendants, and each of them, had no legal right or privilege to physically contact Decedent

33.     Such acts, omissions and conduct were not privileged because Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100 did not have a warrant, probable cause, exigent circumstances or any other legal justification or legally sufficient reason to arrest, seize, detain or search Decedent.  Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100 had no more right,

justification or privilege to cause Decedent to suffer reasonable apprehension of an immediate harmful or offensive physical contact than would a non-law enforcement civilian who did not have legal justification to even perform a citizen's arrest – that is, no right justification or privilege at all.

34.   As a result of the conduct of Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 through 100, inclusive, Plaintiffs have been damaged as alleged herein above.

35.   At no time did Decedent consent to any of the acts of Defendants alleged herein.

36.   The aforementioned conduct was done maliciously, oppressively and with intent to injure Decedent, and in conscious disregard for the rights and safety of Plaintiffs, such that an award of exemplary and punitive damages should be imposed against Defendants in an amount to be proven at trial.

37.   The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

38.   The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

### THIRD CAUSE OF ACTION
### Battery Under California Law

39.   Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

40.   In engaging in and performing the acts, omissions and conduct alleged herein, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through

100, inclusive, while acting within the course and scope of their employment with CITY OF BAKERSFIELD and non-defendant Bakersfield Police Department, and DOES 1 through 100, inclusive, caused force and offensive touching and/or violence to be used upon and against Decedent, on or about his body in a willful, reckless, malicious, and unlawful manner and without consent, cause, provocation or justification and with intent to place him in fear and/or to do bodily harm to Decedent. The use of force by Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100, inclusive, against Decedent was objectively unreasonable and excessive because at all relevant times said Decedent was not dangerous, was not a flight risk, and did not attempt to resist or evade arrest. At no time did Decedent engage or threaten to engage (verbally or otherwise) in any conduct that would have justified, or made reasonable and non-excessive, the force used against Decedent.

41.   Such acts, omissions and conduct were not privileged because Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100, inclusive, did not have a warrant, probable cause, exigent circumstances or any other legal justification or legally sufficient reason to arrest, seize, detain or search Decedent. Thus, all such offensive touching of Decedent was **NOT** privileged. Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 through 100 had no more right, justification or privilege to offensively, offensively or harmfully touch Decedent than would a non-law enforcement civilian who did not have legal justification to even perform a citizen's arrest – that is, no right justification or privilege at all. Further, the use of force against Decedent, was unnecessarily and unreasonably excessive and injurious.

42.   As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein: (a) Defendants caused Decedent to suffer reasonable apprehension of an immediate harmful or offensive physical contact; and (b) Decedent suffered and incurred physical injuries, emotional injuries and distress. In

addition, in performing the acts alleged herein, Defendants' conduct was willful, reckless and/or was intended to cause injury to Decedent.  Plaintiffs are therefore entitled to an award of exemplary damages

43.    The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

44.    The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

## FOURTH CAUSE OF ACTION

**Deprivation of Medical Care, Pursuant To The Fourteenth Amendments To The Constitution Of The United States Pursuant To 42, U.S.C. § § 1983, 1988.**

45.    Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

46.    At all relevant times herein, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, were acting under color of law as employees and agents of Defendant CITY OF BAKERSFIELD, and was acting within the course and scope of such employment and agency.

47.    At all relevant times herein, Defendant CITY OF BAKERSFIELD maintained or permitted an official policy, custom or practice, within the meaning of *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, of knowingly permitting, or was objectively deliberately indifferent, within the meaning of *City of Canton, Ohio v. Harris* (1989) 489 U.S. 378, to, the occurrence of the type of wrongs that caused the injuries and damages alleged herein, and that policy, custom or practice was carried out by Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN

and DOES 1 to 100, in violating Decedent's rights under the Fourteenth Amendments to medical care.

48.     Before, during, and after the time of the arrest, Decedent objectively portrayed that he had a serious medical need that required immediate medical attention.

49.     Defendants were aware of objective evidence that Decedent had a serious medical need that required immediate medical attention.

50.     Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, response to Decedent's objective, serious need for medical treatment was with deliberate indifference.

51.     Plaintiffs are informed and believe, and thereon allege, that the delay in medical care exacerbated Decedent's injuries, caused him further significant harm, and eventually caused his death.

52.     The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

53.     The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

54.     Plaintiffs are entitled to an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## FIFTH CAUSE OF ACTION
### General Negligence

55.     Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

56.     In engaging in the conduct alleged above, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, while acting within the course and scope of their employment with Defendants CITY OF BAKERSFIELD and non-defendant Bakersfield Police Department negligently and carelessly injured Decedent.  Specifically, Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, had a duty to provide local law enforcement services safely and appropriately.  Defendants breached that duty and Decedent was seized, hit, pushed attacked, and put in a carotid restrain control hold by Defendants, which resulted in Decedent's death, and emotional distress to the individual Plaintiffs.

57.     As a direct and proximate result of the acts of Defendants, Plaintiffs suffered and seek to recover general and special damages, including but not limited to the killing of Decedent, physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

58.     The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

59.     The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

## SIXTH CAUSE OF ACTION
### Civil Conspiracy

60.     Plaintiffs reallege and incorporate by reference all allegations in the First Amended Complaint as if fully set forth here.

61.     Defendants ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, talked, communicated, agreed and conspired to engage and perform the

wrongful acts and omissions alleged herein with the purpose of injuring, attacking, arresting, and/or putting Decedent into a carotid restrain control hold, and not calling for medical assistance when there was obvious evidence of Decedent's need for immediate medical attention.

62.     The individual Defendants, ZACHARY BURDICK, TIMOTHY MCIRVIN, and DOES 1 to 100, inclusive, have statutory liability pursuant to California Government Code § 820(a).

63.     The entity Defendant, CITY OF BAKERSFIELD, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, ZACHARY BURDICK, TIMOTHY MCIRVIN and DOES 1 to 100, inclusive, pursuant to California Government Code § 815.2(a).

## ATTORNEYS' FEES AND COSTS

64.     Pursuant to the provisions of 42 U.S.C. § 1988 and California Civil Code § 52.1(h), Plaintiffs are entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek damages as follows:

(a)     General damages – In an amount to be proven at trial;

(b)     Special damages – In an amount to be proven at trial;

(c)     Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(d)     An award of prejudgment interest;

(e)     An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(f)     Attorney's fees and costs of suit incurred herein; and

(g)     For such other and further relief as the Court deems just and proper.


JURY TRIAL DEMANDED


DATED:  November 22, 2017                    RODRIGUEZ & ASSOCIATES


                                  By:_____/S/_____
                                      JOSEPH WHITTINGTON
                                      Attorneys for Plaintiffs

## DECLARATION PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 377.32

We, Veronica Lira, Sarai Lorenzana, Viveny Aceves, and Abigail Vilorio, declare under penalty of perjury under the laws of the State of California that:

1. The decedent's name is Jose Vilorio.  The decedent was born on December 27, 1952.

2. The decedent died on October 4, 2016 in Bakersfield, California.

3. No proceeding is now pending in California for administration of the decedent's estate.

4. The decedent's estate was not administered.

5. Declarants Veronica Lira, Sarai Lorenzana, Viveny Aceves, and Abigail Vilorio ("Declarants") are the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the decedent's interest in the action or proceeding.  Declarants are the decedent's successors in interest (as defined in Section 377.11 of the California Code of Civil Procedure) pursuant to Section 377.10 of the California Code of Civil Procedure and Section 6402(a) of the California Probate Code because: (i) Decedent died intestate, unmarried, and with issue; (ii) Veronica Lira, Sarai Lorenzana, Viveny Aceves, and Abigail Vilorio are decedent's biological daughters; and so (iii) Declarants would be entitled to the property of the decedent by intestate succession.

6. No other person has a superior right to commence the action or proceeding or to be substituted for the decedent in the pending action or proceeding.

7. A true and correct copy of the Certificate of Death for decedent Jose Vilorio is attached hereto.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this _12_ day of June, 2017, in Bakersfield, California.

_____
Veronica Lira

Executed this _____ day of June, 2017, in _____, California.

_____
Sarai Lorenzana

Executed this _____ day of June, 2017, in _____, California.

_____
Viveny Aceves

Executed this _____ day of June, 2017, in _____, California.

_____
Abigail Vilorio

1    Executed this _____ day of June, 2017, in _____, California.

2    _____

3    Veronica Lira

4

5    Executed this  12  day of June, 2017, in Bakersfield , California.

6    _____

7    Sarai Lorenzana

8

9    Executed this _____ day of June, 2017, in _____, California.

10

11   _____

     Viveny Aceves

12

13   Executed this _____ day of June, 2017, in _____, California.

14

15   _____

16   Abigail Vilorio

17

18

19

20

21

22

23

24

25

26

27

28

1    Executed this _____ day of June, 2017, in _____, California.

2

3    Veronica Lira

4

5    Executed this _____ day of June, 2017, in _____, California.

6

7    Sarai Lorenzana

8

9    Executed this _12_ day of June, 2017, in Bakersfield, California.

10

11   Viveny Aceves

12

13   Executed this _____ day of June, 2017, in _____, California.

14

15

16   Abigail Vilorio

17

18

19

20

21

22

23

24

25

26

27

28

Executed this _____ day of June, 2017, in _____, California.

_____
Veronica Lira

Executed this _____ day of June, 2017, in _____, California.

_____
Sarai Lorenzana

Executed this _____ day of June, 2017, in _____, California.

_____
Viveny Aceves

Executed this __12__ day of June, 2017, in Bakersfield , California.

_____
Abigail Vilorio