Michael G. Marderosian, No. 077296
Heather S. Cohen, No. 263093
MARDEROSIAN & COHEN
1260 Fulton Street
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, ZACHARY BURDICK, and TIMOTHY McIRVIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LIRA; SARAI LORENZANA; VIVENY ACEVES; and ABIGAIL VILORIO, as successors in interest to JOSE VILORIO,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BAKERSFIELD; ZACHARY BURDICK; TIMOTHY McIRVIN; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 1:17-CV-00924-LJO-JLT<br><br>**ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Defendants CITY OF BAKERSFIELD, ZACHARY BURDICK, and TIMOTHY McIRVIN (collectively "Defendants") and in answering the First Amended Complaint ("Complaint") of the Plaintiffs on file herein, admit, deny and allege as follows:

As to Paragraph:

Page 2:3-7.   Defendants admit that the Complaint is brought by Veronia Lira, Sarai Lorenzana, Viveny Aceves and Abigail Vilorio. Defendants lack sufficient information and belief to

///

either admit or deny the remaining allegations therein, and on that basis Defendants deny each and every remaining allegation contained therein.

1. Defendants admit that the Complaint is brought by Veronia Lira, Sarai Lorenzana, Viveny Aceves and Abigail Vilorio. Defendants lack sufficient information and belief to either admit or deny the remaining allegations therein, and on that basis Defendants deny each and every remaining allegation contained therein.

2. Defendants admit this Court has jurisdiction.

3. Defendants admit that venue is proper before the United States District Court, Eastern District of California.

4. Defendants admit that Plaintiffs pray for damages exceeding $25,000.

5. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

6. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

7. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

8. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

9. Defendants admit as to Zachary Burdick and Timothy McIrvin. As to the Doe Defendants, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

10. Defendants deny that Zachary Burdick and Timothy McIrvin are responsible for the Plaintiffs' alleged injuries. As to the remaining allegations, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

11. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

///

12. Defendants lack sufficient information and belief to either admit or deny that Cesar Vilorio is a lawful heir to Decedent Jose Vilorio. As to the remaining allegations, Defendants admit that Plaintiffs have named Cesar Vilorio as a nominal defendant.

13. Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

14. Defendants admit that Zachary Burdick and Timothy McIrvin were acting under color of law. As to remaining allegations and Doe Defendants, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

15. Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

16. Defendants admit as to Defendants Burdick and McIrvin but lack sufficient information and belief to either admit or deny the allegations therein as to the Doe Defendants, and on that basis Defendants deny each and every allegation contained therein as to the Doe Defendants.

17. Defendants deny.

18. Defendants deny.

19. Defendants deny.

20. Defendants deny.

21. Defendants are unable to admit or deny those allegations as they contain no facts and are legal conclusions.

22. Defendants are unable to admit or deny those allegations as they contain no facts and are legal conclusions.

23. Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

24. Defendants deny.

25. Defendants deny.

26. Defendants deny.

27. Defendants deny.

MARDEROSIAN & COHEN
1260 FULTON STREET
FRESNO, CA 93721

3

1   28.   Defendants deny.

2   29.   Defendants deny.

3   30.   Defendants deny.

4   31.   Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

6   32.   Defendants deny.

7   33.   Defendants deny.

8   34.   Defendants deny.

9   35.   Defendants deny.

10  36.   Defendants deny.

11  37.   Defendants deny.

12  38.   Defendants deny.

13  39.   Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

15  40.   Defendants deny.

16  41.   Defendants deny.

17  42.   Defendants deny.

18  43.   Defendants deny.

19  44.   Defendants deny.

20  45.   Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

22  46.   Defendants admit as to Zachary Burdick and Timothy McIrvin. As to the Doe Defendants, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

25  47.   Defendants deny.

26  48.   Defendants deny.

27  49.   Defendants deny.

28  50.   Defendants deny.

1     51.    Defendants deny.

2     52.    Defendants deny.

3     53.    Defendants deny.

4     54.    Defendants deny.

5     55.    Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

7     56.    Defendants admit as to course and scope as to Burdick and McIrvin and deny the remaining allegations.  Further, Defendants lack information to either admit or deny as to the Doe Defendants and on that basis, Defendants deny the allegations as to the Doe Defendants.

10     57.    Defendants deny.

11     58.    Defendants deny.

12     59.    Defendants deny.

13     60.    Plaintiffs repeat and incorporate by reference paragraphs and therefore requires no admission or denial.

15     61.    Defendants deny.

16     62.    Defendants deny.

17     63.    Defendants deny.

18     64.    Defendants deny.

Defendants assert the following affirmative defenses.  Facts may be discovered that alter or supplement the bases for the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiffs fail to state facts sufficient to constitute a cause of action against any defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Assumption of Risk – Peril)

Defendants allege that Plaintiffs' Decedent realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Decedent voluntarily placed himself in a position of peril, and that the loss or damage, if any,

sustained by Plaintiffs was caused by said risks which were accepted and voluntarily assumed by Decedent, when engaging in said activity.

**THIRD AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Defendants allege that Decedent had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the Complaint herein; that Decedent voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by Plaintiffs was caused by said risks that were accepted and voluntarily assumed by Decedent.

**FOURTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiffs failed to use reasonable diligence to mitigate damages allegedly sustained by them, and said failure bars or reduces the recovery, if any, from Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering Defendants, their agents or employees, was not the proximate cause of Plaintiffs' or Decedent's injury.

**SEVENTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendants deny that Plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of any Defendant.

///

## EIGHTH AFFIRMATIVE DEFENSE

(Immunity)

Defendants allege the provisions of California Tort Claims Act of the California Government Code (Government Code § 810 *et seq*.) as a measure of the duty of the City of Bakersfield and its employees.

## NINTH AFFIRMATIVE DEFENSE

(Immunity)

Defendants claim the immunities under the applicable provisions of the Government Code including, without limitation, §§ 820.8, 830-835.4.

## TENTH AFFIRMATIVE DEFENSE

(Barred by Tort Claims Act and Failure to File Claim)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

## ELEVENTH AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiffs' purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiffs' written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

///

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

Defendants allege that the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of Plaintiffs' own acts and omissions, including the acts and omissions of Plaintiffs, Plaintiffs are estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiffs' maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiffs.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(*Res Judicata*)

To the extent Plaintiffs' failure to file a claim bars this action, the Complaint and each cause of action there in is barred by the doctrine of *res judicata* and collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

Defendants allege that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of their conduct.

///

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

Defendants allege that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Privilege)

Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Immunities)

Defendants assert the various immunities conferred upon them pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of Defendants' duties and liabilities in this action.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Immunity – Exemplary Damages)

Defendants allege that the City of Bakersfield, a public entity, is immune from liability for exemplary damages herein pursuant to § 818 of the California Government Code.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Decedent's Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in Plaintiffs' Complaint herein, Decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiffs; that as a consequence, Plaintiffs' claim is barred.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Discretionary Act Immunity)

Defendants allege that the act or omissions which Plaintiffs claim give rise to liability in this case were within the discretion of a City of Bakersfield employees acting within the course and scope of their employment and, as a result, Plaintiffs' claims are barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Privilege)

Defendants allege that if any force was used by Defendants against Decedent, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The Complaint and each and every cause of action therein is barred because the use of force against the Decedent by the employees of the City of Bakersfield, if any, was privileged and justified.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that Decedent was negligent in and about the matters and activities alleged in the Complaint; that Decedent's negligence contributed to and was a proximate cause of Plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiffs are entitled to recover damages against the City of Bakersfield by virtue of the Complaint, the City of Bakersfield prays that recovery be diminished or extinguished by reason of the negligence of the Defendants in proportion to the degree of fault attributable to the Decedent.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Arrest)

Defendants allege that if any force was used to effect the arrest of the Decedent herein by the named Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the

///

California Penal Code and as a proximate result thereof Plaintiffs are barred from any recovery herein for any alleged injury or damage if any there were.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Prevent Injury/Escape)

Defendants allege that no more force was used on Decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

## THIRTIETH AFFIRMATIVE DEFENSE
(Qualified Immunity)

Defendants allege that Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that they had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiffs herein, were justified, reasonable and lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

## THIRTY-FIRST AFFIRMATIVE DEFENSE
(Immunity for Failure to Provide Medical Care to a Prisoner)

Defendants allege that, under Government Code § 845.6, the Defendants are immune from liability for any inadequate medical care Plaintiff may have received while in custody.

## THIRTY-SECOND AFFIRMATIVE DEFENSE
(Immunity from Injury Caused by Person Resisting Arrest)

Defendants allege that, pursuant to Government Code § 845.8, Defendants are immune from liability as a matter of law for injury caused to Plaintiffs by a person resisting arrest.

## THIRTY-THIRD AFFIRMATIVE DEFENSE
(Failure to State Relief Under 42 U.S.C. § 1983)

Defendants allege that the Plaintiffs have failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against the City of Bakersfield, its agents, employees and particularly its police officers.

///

///

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(City of Bakersfield Not a Proper Party)

Defendants allege that Plaintiffs have failed to allege sufficient, specific facts against the City of Bakersfield, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Self Defense)

Defendants allege by way of a plea of self defense that Defendants honestly and reasonably believed that Decedent was about to inflict harm upon them and that the use of force, if any, was done reasonably and in self defense.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as they have breached no duty of care owed to Plaintiffs.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Liability of Other Persons/Entities)

Defendants allege that the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other than these answering Defendants, and are neither the liability nor responsibility of Defendants.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Percentage of Fault)

Defendants allege that in the event they are found liable to the Plaintiffs, Defendants are responsible for the Plaintiffs' damages according to Defendants' percentage of fault, pursuant to Civil Code Section 1431.2.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Immunity)

Defendants allege that they are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815,

///

815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

### FORTIETH AFFIRMATIVE DEFENSE

(Intentional Acts of Decedent)

Defendants allege that the damages, if any, of which Plaintiffs complain, were the proximate result of the intentional acts of Decedent, so as to bar or diminish recovery herein as against these Defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE

(Probable Cause)

Defendants allege that probable cause existed for each of the acts undertaken by Defendants herein.

### FORTY-SECOND AFFIRMATIVE DEFENSE

(Malicious Prosecution)

Defendants allege that the allegations contained in Plaintiffs' Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, along with intentional infliction of emotional distress, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

///

///

**PRAYER**

WHEREFORE, Defendants pray judgment as follows:

1. That Plaintiffs take nothing by this action;

2. That Defendants be awarded their costs of suit incurred herein;

3. That Defendants be awarded reasonable attorneys fees pursuant to Federal Rules of Civil Procedure, Rule 11 and 42 U.S.C. §1988; and

4. That the Court order such other and further relief as it deems just and proper herein.

Dated:  November 29, 2017                    MARDEROSIAN & COHEN

By: */s/ Michael G. Marderosian*
Michael G. Marderosian,
Attorney for Defendants above-named.