# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LIRA, et al., | Case No.: 1:17-cv-0924 - LJO – JLT |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |
| v. | (Doc. 18) |
| CITY OF BAKERSFIELD, et al., | |
| Defendants. | |

In this action, the plaintiffs contend that the defendants caused the death of Jose Vilorio through the use of excessive force. (Doc. 15 at 5 -14) On October 31, 2017, the defendants propounded written discovery, including interrogatories and requests for production, to the plaintiffs. (Doc. 18-2 at 2) The plaintiffs have failed to respond. Id. at 2-3. Because the discovery sought is relevant to the action, the Court **GRANTS** the motion.

## I.   Scope of Discovery

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure. In relevant part, Rule 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). Relevant evidence is defined as "evidence having any tendency to make the

existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

**II.     Interrogatories**

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A).

Each of the defendants propounded the same set of interrogatories to each of the plaintiffs, though the interrogatories sought information that was unique to each defendant. (Doc. 18-2 at 9-122) The interrogatories request information about the claims brought by the plaintiffs and their damages. The information sought is relevant and, given the failure of any plaintiff to object, the Court presumes that the defendants' interrogatories are proper. Thus, the motion is **GRANTED**.

**III.     Requests for Production**

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D.

408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control").

In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 189 F.R.D 281, 283 (C.D. Cal. 1998) (citing *Nestle Food Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990)). Boilerplate objections to a request for a production are not sufficient. *Burlington Northern & Santa Fe Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005).

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "The moving party bears the burden of demonstrating 'actual and substantial prejudice' from the denial of discovery." *Hasan v. Johnson*, 2012 U.S. Dist. LEXIS 21578 at *5 (E.D. Cal. Apr. 9, 2012) (citing *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

Each of the defendants propounded document requests to each of the plaintiffs. (Doc. 18-2 at 124-182) The information sought relates to the claims brought by the plaintiffs and their

alleged damages. The information sought is relevant and, given the failure of any plaintiff to object, the Court presumes that the defendants' requests are proper. Thus, the motion is **GRANTED**.

**IV.     Request for Sanctions**

Defendant requests monetary sanctions for the plaintiffs' failure to timely and properly respond to discovery and, as a consequence, for being forced to file this motion to compel. (Doc. 18-1 at 3) Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court may issue sanctions to "penalize some forms of discovery abuse." Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338-39. When, as here, a motion to compel discovery is granted in part and denied in part, the Court may award "reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Given the hourly rate sought and the time spent on this motion, the Court finds the sanction request to be reasonable and **GRANTS** the request for sanctions imposed on the plaintiffs in the amount of $600[1].

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.     The defendants' motion to compel (Doc. 18) is **GRANTED** in all respects and the plaintiffs SHALL provide responses, without noting any objections except to preserve a privilege[2], **within 10 days**;

2.     The defendants' request for sanctions is **GRANTED** in the amount of $600. The plaintiffs **SHALL** pay this amount to counsel for the defendants **within 10 days**.

IT IS SO ORDERED.

Dated:    **February 22, 2018**              **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Though $1,500 was sought, this anticipated having to reply to the opposition and appearing at the hearing. (Doc. 18-2 at 4) Because there was no opposition filed and no hearing held, the amount above $600 is not awarded.

[2] If any privileges are claimed, the plaintiffs **SHALL** provide a full and complete privilege log along with the responses.