# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA LIRA, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-00924-LJO- JLT<br><br>ORDER GRANTING THE MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS COUNSEL (Docs. 23, 25)<br><br>ORDER DIRECTING PLAINTIFFS TO FILE WRITTEN NOTICE OF THEIR INTENT TO PROCEED |

On February 27, 2018, attorney Joseph Whittington filed a motion to withdraw counsel of record for Plaintiffs. (Docs. 23, 25) Mr. Whittington reports the law firm of Rodriguez & Associates, is unable to continue its representation of Plaintiffs, who have not opposed this motion. Likewise, Defendants have not opposed the request of counsel to withdraw. For the following reasons, the motion to withdraw is **GRANTED**.

**I.　Background**

Plaintiffs contend the defendants caused the death of Jose Vilorio through the use of excessive force. (*See* Doc. 15 at 5-14) On October 31, 2017, the defendants propounded written discovery, including interrogatories and requests for production to the plaintiffs, who failed to respond to the discovery requests. (Doc. 18-2 at 2-3) Defendants filed a motion to compel discovery on February 1, 2018, which Plaintiffs did not oppose. (Doc. 18) On February 22, 2018, the Court granted the motion to compel discover and ordered Plaintiffs to show cause why sanctions should not be imposed for their

failure to prosecute this action. (Docs. 21-22)

On February 27, 2018, Mr. Whittington filed the motion now pending before the Court. (Doc. 23) Because insufficient notice was given for the hearing date, the Court directed counsel to "file an amended notice of motion hearing which includes a certificate of service of the amended notice upon the individual plaintiffs." (Doc. 24) Mr. Whittington re-filed the motion on March 1, 2018, with the proofs of service as ordered by the Court. (Doc. 25) After the Court re-set the hearing date, to be held the same date as the mid-discovery status conference, counsel provided notice to Plaintiffs of the change. (Docs. 26, 27)

## II.     Discussion and Analysis

Withdrawal of counsel is governed by the Rules of Professional Conduct of the State Bar of California, and the Local Rules of the United States District Court, Eastern District of California. *See* LR 182. The withdrawal of representation is permitted under the Rules of Professional Conduct if a client "renders it unreasonably difficult for the member to carry our employment effectively." Cal. R.P.C. 3-700(C)(1)(d). Local Rule 182(d) provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

*Id.* Likewise, California's Rules require the notice of motion and declaration to be served on the client and other parties who have appeared in the case. CRC 3.1362(d).

The decision to grant withdrawal is within the discretion of the Court, and leave "may be granted subject to such appropriate conditions as the Court deems fit." LR 182*; see also Canandaigua Wine Co., Inc. v. Moldauer*, 2009 WL 989141, at *1 (E.D. Cal. Jan. 14, 2009) ("The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court."). Factors the Court may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to the other litigants, (3) harm caused to the administration of justice; and (4) delay to the resolution of the case caused by withdrawal. *Id.*, 2009 WL 989141, at *1-2.

Mr. Whittington asserts the law firm of Rodriguez & Associates is unable to continue to its representation because "communication between counsel and Plaintiffs has broken down to the point

where counsel is not able to provide Plaintiffs with the standard of legal service [the law firm] is comfortable with, therefore necessitating termination of attorney client relationship." (Doc. 23 at 3) According to Mr. Whittington, Plaintiffs have "Plaintiffs live in various parts of California, and in Miami, Florida. R&A has repeatedly attempted to contact Plaintiffs via mail, and phone, regarding this case, including discovery deadlines, and potential deposition dates." (*Id.*) In addition, he asserts the law firm "sent authorizations to dismiss via U.S. mail to all Plaintiffs at their last known addresses in the United States." (*Id.* at 5, Whittington Decl. ¶ 2(a)) However, Mr. Whittington reports there "has been a breakdown of communications." (*Id.* at 4)

The declaration of Mr. Whittington, and the proofs of service of the amended motion and notice indicate all parties, including Plaintiffs, were served with the documents required by the California Rules. (*See* Doc. 23 at 6, Whittington Decl. ¶ 3; Doc. 27 at 3-10) Plaintiffs did not oppose the motion to withdraw, and thereby have indicated their consent to the withdrawal. In addition, it does not appear that Defendants would suffer any prejudice. Finally, any delay to the resolution of this case caused by the withdrawal will be minimal. Accordingly, the factors set forth by the Court in *Canandaigua Wine Co., Inc. v. Moldauer* weigh in favor of granting the motion to withdraw.

### III.  Conclusion and Order

Joseph Whittington followed the procedural and substantive requirements set forth in the California Rules of Professional Conduct and the Local Rules in filing the motion to withdraw as Plaintiff's attorney, and set forth sufficient reasons for the withdrawal. Therefore, the Court is acting within its discretion to grant the motion to withdraw. *See* LR 182. Accordingly, the Court **ORDERS**:

1. The motion to withdraw (Docs. 23, 25) is **GRANTED**;
2. The Clerk's Office **SHALL TERMINATE** Joseph Whittington and all attorneys from Rodriguez & Associates as "Lead Attorney to be Noticed" for Plaintiffs in the Court docket, and update the docket to reflect Plaintiffs' last known contact information as follows:

   > Veronica Lira
   > 16146 Via Andeta
   > San Lorenzo, CA 94580

Sarai Lorenzan
9020 Northwest 8th Street, Apt 410
Miami, FL 33172

Viveny Aceves
4203 East Oak Ave.
Visalia, CA 93292

Abigail Vilorio
275 10th Street, Apt. 403
San Francisco, CA 94103

3. Plaintiffs **SHALL** each notify the Court in writing of her intent to proceed with this action no later than **April 20, 2018**.

**Plaintiffs are advised that failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110**

IT IS SO ORDERED.

Dated: **April 6, 2018**              **/s/ Jennifer L. Thurston**
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE