**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA LIRA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF BAKERSFIELD, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-0924 -LJO-JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE CLAIMS OF PLAINTIFF SARAI LORENZANA WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE THE ACTION |

Plaintiffs contend the defendants caused the death of Jose Vilorio through the use of excessive force. However, each of the plaintiffs, including Sara Lorenzana, failed to comply with the Court's order to indicate their willingness to proceed with this action and failed to take any other action to prosecute the matter. Accordingly, the Court recommends that the claims of Sarai Lorenzana be **DISMISSED** without prejudice.

**I.    Relevant Background**

On October 31, 2017, the defendants propounded written discovery, including interrogatories and requests for production to the plaintiffs, who failed to respond to the discovery requests. (Doc. 18-2 at 2-3) Defendants filed a motion to compel discovery on February 1, 2018, which Plaintiffs did not oppose. (Doc. 18) On February 22, 2018, the Court granted the motion to compel discover and ordered Plaintiffs to show cause why sanctions should not be imposed for their failure to prosecute this action. (Docs. 21-22)

1

On February 27, 2018, Mr. Whittington filed a motion to withdraw as counsel. (Doc. 23) The Court held at hearing on the motion to withdraw on April 6, 2018. Plaintiffs did not oppose the motion either in writing or at the hearing. (*See* Doc. 31 at 3)

The Court granted counsel's motion to withdraw on April 6, 2018. (Doc. 31) At that time, the Court ordered: "Plaintiffs **SHALL** notify the Court in writing of their intent to proceed with this action no later than **April 20, 2018**." (*Id.* at 4, emphasis in original) In addition, the Court advised Plaintiffs that "failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110." (*Id.*, emphasis omitted). After plaintiffs Veronica Lira, Viveny Aceves, and Abigail Vilorio failed to respond to the Court's order, the Court recommended their claims be dismissed.

The order served upon Sarai Lorenzana was returned as undeliverable to the Court on April 13, 2018. The Court re-served Ms. Lorenzana at the address provided by the expired forwarding order and ordered Ms. Lorenzana to respond "**[n]o later than May 4, 2018**." (Doc. 32 at 2, emphasis in original) To date, this order has not been returned as undeliverable, and Ms. Lorenzana has not complied with the Court's order, or taken any other action to continue prosecuting the claims in this action.

**II.     Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**III.    Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court

order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the plaintiffs' failure to comply with the Court's order and failure to take action to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Accordingly, these factors weigh in favor of terminating sanctions.

### B. Prejudice to Defendants

To determine whether the defendant suffers prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Here, Ms. Lorenzana has not taken any action to further prosecuting the action, despite being ordered by the Court to do so. Therefore, this factor weighs in favor of dismissal of her claims.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the

failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned the plaintiffs, including Ms. Lorenzana, of their obligation to file an indication of their intent to proceed in this action and that their "**failure to comply with this order will result in a recommendation that the action be dismissed pursuant to Local Rule 110**." (Doc. 31 at 4, emphasis in original) In re-serving the order, the Court again informed Ms. Lorenzana that "**[h]er failure to respond will result in a recommendation that the action be dismissed for her failure to comply with the Court's orders and her failure to prosecute this action**." (Doc. 32 at 2, emphasis in original) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements of Rule 41. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings Ms. Lorenzana received satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of her claims. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given the failure of Ms. Lorenzana to prosecute her claims and failure to comply with the Court's order, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits . . . weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Findings and Recommendations

Plaintiff Ms. Lorenzana failed to comply with the Court's order (Doc. 32) and thereby indicated she has abandoned the action. Based upon the foregoing, the Court **RECOMMENDS**:

1. The claims of Sarai Lorenzana be **DISMISSED** without prejudice; and
2. The Clerk of Court be DIRECTED to close this action.

///

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these Findings and Recommendations, any party may file written objections. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 8, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE